

Michael D. Newman
W.S.B. No. 5-2510
HAMPTON & NEWMAN LC
Post Office Box 1000
Rock Springs WY 82902
(307) 382-6443
(307) 382-7866 (FAX)
mnewman@hamptonnewmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| PAM SCHOEN, A/K/A PAM FIELDS, and CHAD FIELDS,<br><br>Plaintiffs,<br><br>vs.<br><br>HEAD USA, INC., a Delaware Corporation, HOBACK SPORTS, INC., a Wyoming Corporation, JACKSON HOLE MOUNTAIN RESORT CORPORATION, a Wyoming Corporation, and JOHN DOES 1 through 5,<br><br>Defendants. | Civil No. 23-CV-39-J |

## COMPLAINT

COME NOW the Plaintiffs, Pam Schoen, a/k/a Pam Fields, and Chad Fields, by and through counsel, Michael D. Newman of Hampton & Newman, L.C., and state the following facts constituting their claims for relief against the above-named Defendants.

I.   PARTIES, VENUE AND JURISDICTION

1. At all times relevant hereto, Plaintiffs Pam Schoen ("Pam") and Chad Fields ("Chad"), a married couple, were and presently are, residents of Ellis County, Texas.

2. Defendant Head USA, Inc, is a corporation organized in the State of Delaware.

3. Defendants Hoback Sports, Inc. and Jackson Hole Mountain Resort Corporation are organized in the State of Wyoming, and are domiciled within the State of Wyoming.

4. Defendants John Does 1 through 5 may be potential Defendants whose present identity and/or involvement is unknown, and if discovered, Plaintiffs may, if necessary, move to file an amended complaint, naming and identifying said Defendants as otherwise permitted under the Federal Rules of Civil Procedure.

5. All references to the Defendants shall include any and all predecessors, parents, divisions, subsidiaries, affiliates, franchises, partners, joint ventures, successors and assigns and its officers, directors, employees, agents, representatives and any and all other persons acting on their behalf for whose acts or omissions the Defendants are liable.

6. The Defendants can act only through their agents, including their employees, officers, and directors; and, they are vicariously liable for their agents' acts and omissions within the course and scope of their agency.

7. All events which are the subject of this Complaint occurred in Teton County, Wyoming.

8 This Court has jurisdiction pursuant to 28 § U.S.C. 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. Venue is proper in this Court pursuant to 28 § U.S.C. 1391(b)(2) because the acts and omissions giving rise to Plaintiffs' claims occurred within Wyoming.

II.  FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiffs replead, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

11. On March 13, 2021, Plaintiffs flew from Dallas, Texas to Jackson, Wyoming to celebrate their anniversary.

12. On March 14, 2021, Plaintiffs rented ski equipment from Defendants Hoback Sports, Inc. and Jackson Hole Mountain Resort Corporation in Jackson, Wyoming.

13. Plaintiff Pam Schoen is an experienced skier. She started skiing when she was three (3) years old and has skied throughout the rest of her childhood and adult years. At the time of her injuries which are the subject of this matter, she was forty-five (45) years old and in good health.

14. On the morning of March 15, 2021, Plaintiffs went skiing at Jackson Hole Mountain Resort in Teton Village, Wyoming, and rode the gondola to the top of a "Blue" ski run called "Sundog".



*Figure 1 – Jackson Hole Area Winter Trail Map*
*https://www.jacksonhole.com/maps/mountain-winter*

15. On the same date, time and approximate location, Plaintiffs reached the top of the Sundog trail then put their skis on. Chad skied approximately halfway down the run then stopped to wait for his wife, Pam. Pam started down the run and was able to complete a left, right then left turn. While attempting her second right turn, the left binding blew off her ski approximately ten to fifteen (10-15) feet in the air, causing her left boot to come off the ski. Consequently, Pam's left knee immediately twisted and buckled and she fell onto her left shoulder. The right ski was still attached to her right boot which caused her to tumble, twist and fall onto her right shoulder, dislocating it. She continued to tumble and twist down the mountain until her right ski eventually came off and her three to four hundred-yard (300-400) descent was stopped by the moguls on the next run. While tumbling down the slope, Pam clawed at the snow trying to regain control and stop herself. The force of her clawing and tumbling broke her fingernails off inside of her gloves. When Pam finally stopped falling and tumbling down the run, she immediately felt shooting pain in her left knee, shoulders and down the right side of her body.

16. Chad waited with his wife Pam until two Jackson Hole Mountain Resort Corporation Ski Patrol members transported her off the mountain by sled to the urgent care facility at the base of the mountain.

17. The run was clearly marked and groomed. Pam's left ski, boot and/or binding did not come in contact with a hazard on the run - natural or otherwise - that would have caused the left ski binding to malfunction. Upon information and belief, the malfunction was caused due to the ski binding being defective or improperly maintained.

18. As a consequence of the malfunction of Pam's left ski binding, she suffered significant injuries.

III. FIRST CAUSE OF ACTION – STRICT LIABILITY – HEAD USA, INC.

19. Plaintiff repleads, restates and realleges each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

20. Defendant Head USA, Inc., is a Delaware Corporation and a global manufacturer and marketer of sports equipment engaged in the business of selling ski equipment, including the ski bindings used by Pam at all relevant times.



*Figure 2 - Tyrolia ski bindings used by Plaintiff*

21. At all relevant times, Defendant Head USA, Inc. was responsible for the design, manufacture, and inspection of the ski binding to ensure it was safe from defects and safe for use by Pam and its consumers.

22. At all relevant times, Pam was skiing with a left binding in a defective condition that was unreasonably dangerous and unsafe for its intended use. Consequently, the defective ski binding caused Pam's left ski to come off and she was physically harmed as a direct result of the defect. It was reasonably foreseeable by Defendant Head USA, Inc., that considering the nature of the function of the product, the defective ski binding was unreasonably dangerous.

23. Defendant Head USA, Inc., owed Plaintiffs and its ultimate users and consumers a duty to exercise reasonable care in the planning, design, and manufacturing of its ski bindings in order to ensure that they are reasonably safe for its intended use or for a use which the Defendant should reasonably anticipate.

24. Defendant Head USA, Inc. breached its duty of care to Plaintiffs in failing to reasonably plan, design, and manufacture ski bindings that were safe for its intended use.

25. The acts and omissions of Defendant Head USA, Inc, was negligent, and reasonably foreseeable considering the nature and function of its product, and Defendant is strictly liable for the ski incident of March 15, 2021, physical harm caused to Plaintiff Pam Schoen, and the damages suffered by the Plaintiffs.

IV. SECOND CAUSE OF ACTION – NEGLIGENCE – HEAD USA, INC., HOBACK SPORTS, INC. AND JACKSON HOLE MOUNTAIN RESORT CORPORATION.

26. Plaintiffs replead, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

27. Defendant Head USA, Inc., as the manufacturer of the ski binding, has a duty to exercise reasonable care in the planning, design, and manufacturing of its product to insure it was reasonably safe for its intended use and for reasonable uses.

28. Defendant Head USA, Inc. breached its duty of care to Plaintiff Pam Schoen by failing to exercise reasonable care in the planning, design, and manufacturing of its binding to insure it was reasonably safe for its intended use and for any foreseeable use by Plaintiff Pam Schoen.

29. As a direct and proximate result of Defendant Head USA, Inc.'s negligence, Plaintiffs have suffered damages.

30. At all times relevant hereto, Defendants Hoback Sports, Inc. and Jackson Hole Mountain Resort Corporation were liable for the products it rented to its consumers, including Pam. Defendants owed Plaintiffs and its ultimate users and consumers a duty to exercise reasonable care in properly inspecting and maintaining its ski bindings in order to ensure that they are reasonably safe for its intended use or for a use which the Defendant should reasonably anticipate.

31. Defendants' Hoback Sports, Inc. and Jackson Hole Mountain Resort Corporation breached their duty of care and failed to reasonably inspect or maintain the ski bindings and furnish Pam with safe, suitable ski bindings fit for the purposes it was intended for.

32. As a direct and proximate result of Defendants' Hoback Sports, Inc. and Jackson Hole Mountain Resort Corporation's negligence, the ski bindings Defendants rented to Pam had a catastrophic malfunction causing Pam to suffer serious physical injuries.

33. The acts and omissions of all Defendants were negligent, and reasonably foreseeable considering the nature and function of its product, and Defendants are liable for the ski incident of March 15, 2021, physical harm caused to Plaintiff Pam Schoen, and the damages suffered by the Plaintiffs.

V. THIRD CAUSE OF ACTION – PRODUCTS LIABILITY, BREACH OF EXPRESS AND IMPLIED WARRANTIES – HEAD USA, INC., HOBACK SPORTS, INC., AND JACKSON HOLE MOUNTAIN RESORT CORPORATION.

34. Plaintiffs replead, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

35. Defendants Hoback Sports, Inc. and Jackson Hole Mountain Resort Corporation, at all relevant times hereto, in renting ski equipment to the Plaintiffs, had reason to know of the particular purpose for which the equipment was being rented for; and, the Plaintiffs relied on Defendant's knowledge, skill and judgment to furnish suitable equipment fit for such purpose.

36. Defendants Hoback Sports, Inc.'s and Jackson Hole Mountain Resort Corporation's rental business warranted that Plaintiffs as intended consumers / users would be furnished with safe ski equipment suitable for the purposes it was intended for.

37. Defendants Hoback Sports, Inc.'s and Jackson Hole Mountain Resort Corporation's rental of the bindings to Plaintiff Pam Schoen expressly warranted that they would conform to the use the bindings were rented for. Plaintiffs relied upon such representations.

38. When Defendants Hoback Sports, Inc. and Jackson Hole Mountain Resort Corporation rented the bindings to Plaintiff Pan Schoen, they had reason to know the purpose the bindings would be used for and that Plaintiff Pam Schoen would rely on the Defendants skill and judgment to select or furnish and warranted that the bindings would be fit for its intended use by Plaintiff.

39. Defendant Head USA, as the manufacturer of the bindings, had reason to know the purpose the bindings would be used for and that Plaintiff's such as Pam Schoen would rely on the Defendant's skill and judgment to provide a safe product and warranted that the bindings would be fit for their use by Plaintiff.

40. As a direct and proximate result of all Defendant's breach of express and implied warranties, the ski bindings had a catastrophic malfunction, causing Pam serious physical injuries, and the Plaintiffs have suffered damages.

VI. FOURTH CAUSE OF ACTION – STRICT LIABILITY, NEGLIGENCE AND BREACH OF WARRANTIES – JOHN DOES 1 THROUGH 5

42. Plaintiffs replead, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

43. Defendants John Does 1 through 5 were strictly liable and owed Plaintiff a duty of care to exercise reasonable care in the planning, design, and manufacturing of its products and/or component parts, including a duty to reasonably and adequately inspect, test, sell, rent, warn, and instruct on its product to ensure its product is reasonably safe for its intended users and function of the product.

44. Defendants breached their duty of care to Plaintiffs and such negligent acts and omissions of the Defendants proximately caused the above-described ski incident on March 15, 2021, and physical injuries to Pam. Defendants are liable for the ski incident of March 15, 2021, and damages suffered by the Plaintiffs.

VII. DAMAGES

45. Plaintiffs replead, restates and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

46. As a direct and proximate result of the negligent acts and omissions of the Defendants Plaintiff Pam Schoen sustained serious, disabling and permanent personal injuries for which she has received medical treatment and for which she has incurred necessary and reasonable medical care, treatment expense and will incur future medical expenses based upon a reasonable degree of medical probability.

47. As a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff Pam Schoen has incurred, or will incur, lost wages and/or lost earnings and impairment to her future earning capacity, all to her loss in an amount to be established at trial.

48. As a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff Pam Schoen has experienced pain and suffering, mental and emotional anguish, impairment of her ability to enjoy life and permanent and physical functional impairment disabilities for which she is entitled to recover general damages for these and all other general losses, present, past and future in an amount to be established at trial herein.

49. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff Chad Fields has suffered a loss of spousal consortium and was damaged.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays to the Court for the following relief:

1. Judgment against Defendants and for Plaintiffs for general damages in an amount consistent with the allegations contained herein and to be established by the evidence at trial.

2. Judgment against Defendants and for Plaintiffs for special damages in an amount consistent with the allegations contained herein and to be established by the evidence at trial.

3. Judgment against Defendants for Plaintiffs recoverable costs and expenses incurred in prosecuting this action.

4. Such other and further relief as the Court deems just and equitable.

DATED this 13th day of March, 2023.

                PAM SCHOEN AND CHAD FIELDS, Plaintiffs

By: _____
Michael D. Newman,
W.S.B. No. 5-2510
Hampton & Newman, L.C.
118 3rd Street
P.O. Box 1000
Rock Springs, WY 82902
(307) 382-6443
mnewman@hamptonnewmanlaw.com